UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MICHAEL JONES,

   Petitioner,

v.             CASE NO. 18-cv-14068
               HONORABLE NANCY G. EDMUNDS
WILLIS CHAPMAN,

   Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY
(ECF No. 2)

Petitioner Paul Michael Jones recently filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay this case. The habeas petition challenges Petitioner's state conviction for second-degree murder, Mich. Comp. Laws §750.317, on the basis that the admission of adoptive or tacit admissions at trial deprived him of fundamental fairness. Petitioner raised this issue in the Michigan Court of Appeals, which affirmed his conviction in an unpublished, *per curiam* opinion. *See People v. Jones*, No. 328816, 2017 WL 540112 (Mich. Ct. App. Feb. 9, 2017).[1] On October 3, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Jones*, 901 N.W.2d 599 (Mich. 2017).

---

[1] This case arose from the July 1989 murder of an eighteen-year-old young woman. The original investigation of the murder stalled, but in 2011, a "cold case team" began to re-investigate the case. *See Jones*, 2017 WL 540112, at *1, *8. Petitioner and his brother subsequently were charged with first-degree murder. In 2015, Petitioner was convicted of the lesser charge of second-degree murder and sentenced to prison for thirty to seventy-five years. *See* Mot to Stay, ECF No. 2, p. 1.

On December 27, 2018, Petitioner filed his habeas petition and his motion for a stay through the State Appellate Defender Office. He raises only the evidentiary issue mentioned in the previous paragraph, but he wants the Court to hold this matter in abeyance while the Michigan Innocence Clinic investigates and explores additional issues.

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal district court normally must dismiss a petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner appears to have exhausted state remedies for his current claim, but the State Appellate Defender Office has referred his case to the Michigan Innocence Clinic. Following the Clinic's exploration of issues, Petitioner anticipates pursuing state remedies for certain new claims, including a claim of ineffective assistance of appellate counsel.

A dismissal of Petitioner's current habeas petition while he explores new issues and pursues state remedies for unexhausted claims likely would result in a subsequent

petition being barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d). In fact, Petitioner alleges in his motion that the Michigan Innocence Clinic cannot make a commitment to accepting his case before the statute of limitations expires.

When faced with a similar dilemma concerning the interplay between the one-year statute of limitations and *Lundy's* dismissal requirement, some district courts have adopted a stay-and-abeyance procedure. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). "Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy,* a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76. This stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation tactics. *Id.* at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.*

Petitioner apparently intends to raise an unexhausted claim of ineffective assistance of appellate counsel in state court. The Court is unable to determine whether that claim has potential merit, and Petitioner has not listed any other unexhausted claims that he wishes to raise in state court. However, his attorney alleges that he cannot pursue available state remedies for the claim about appellate counsel due to a conflict of interest, and Petitioner does not appear to be engaged in intentionally dilatory litigation tactics. Therefore, it would not be an abuse of discretion to stay this case while the Michigan

Innocence Clinic investigates Petitioner's case and Petitioner pursues additional state-court remedies.

The Court recognizes that the Supreme Court's decision in *Rhines* addressed a so-called "mixed petition" of exhausted and unexhausted claims, whereas Petitioner's pleading contains only one presumptively exhausted claim. Federal district courts, however, "ordinarily have authority to issue stays," *id.* at 276, and some federal circuit courts of appeal have applied *Rhines*' stay-and-abeyance procedure to cases where the petition was not a "mixed petition" of exhausted and unexhausted claims. *See, e.g., Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) (holding that "the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions" and that "a district court may stay a petition that raises only unexhausted claims") (emphasis omitted); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition, because "a categorical bar on stays for unmixed petitions would 'unreasonably impair the prisoner's right to relief' and could 'effectively end any chance at federal habeas review' ") (citations omitted); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition" and that "the District Court's interpretation of *Rhines* as foreclosing the possibility of a stay for Heleva was in error").

The approach used by the Third, Ninth, and Tenth Circuit Courts of Appeal is practical and reasonable. The Court therefore GRANTS Petitioner's motion for a stay.

ECF No. 2. The Court will hold Petitioner's current claim in abeyance and close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's current claim.

If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file a motion to re-open this case and an amended habeas corpus petition within sixty days of exhausting state remedies for his new claims. Failure to move to re-open this case and file an amended petition within sixty days of exhausting state remedies for Petitioner's new claims could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). Finally, the Court expresses no opinion on whether any new claims will be barred by the applicable statute of limitations.

Dated: 3-12-19

x /s/ Nancy Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE